# <u>EXHIBIT B</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTA PIKE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FRANK STRADA, JOE MOORHEAD, TAUREAN JAMES, TERRY BARLOW, ASHLEE WHEELER, and JACQUELINE WILSON, each in their Official capacities,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 3:22-cv-00537**<br><br>**District Judge Crenshaw** |

**DECLARATION OF ANGELA L. BERGMAN IN SUPPORT OF PLAINTIFF CHRISTA PIKE'S EMERGENCY MOTION TO ENFORCE SETTLEMENT AGREEMENT**

I, Angela L. Bergman, declare as follows:

1. I am over the age of eighteen and competent to make this declaration. I am an attorney licensed in Tennessee (BPR No. 031981) and Counsel at the law firm Bass, Berry & Sims PLC, 21 Platform Way South, Suite 3500, Nashville, Tennessee 37203. I am one of the counsel of record for Plaintiff Christa Gail Pike in this action. I have personal knowledge of the facts stated in this declaration.
2. On October 8, 2026, my colleague Brian Roark wrote to DJRC Warden Jordan Clark and counsel for Defendants requesting that Ms. Pike, upon discharge from the hospital, be housed with other women with medical conditions and not be placed in isolation.
3. On October 9, 2026, Assistant Attorney General Will Ayers responded that Ms. Pike had been transferred to DJRC, "where she'll receive medical care in the infirmary until further notice."
4. On October 14 and October 22, 2026, Plaintiff's counsel again wrote to counsel for Defendants about Ms. Pike's housing.
5. On October 27, 2026, Mr. Ayers responded that "Ms. Pike will be housed in the infirmary until further notice," and that "conversations about her long-term housing plan are premature at this point." That same day, my colleague Hannah E. Webber requested a call to discuss the issue.
6. On October 28, 2026, I sent a letter on behalf of Ms. Pike to Assistant Attorneys General Donna Green and Will Ayers and to the Tennessee Department of Correction, by email and overnight mail. Under Paragraph 19 of the Settlement Agreement, the letter gave formal written notice that Defendants are in breach of the Agreement and requested a conference under Local Rule 7.01(a)(1).Attached as Exhibit 1 is a true and correct copy of the email

chain titled "RE: Christa Pike," beginning with Mr. Roark's October 8, 2026, email and ending with my October 28, 2026, email to Mr. Ayers.

7. Attached as Exhibit 2 is a true and correct copy of the October 28, 2026, letter, which I signed and sent.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on October 30, 2026, in Nashville, Tennessee.

/s/ Angela L. Bergman
Angela L. Bergman

**EXHIBIT 1**

Email Chain, “RE: Christa Pike” (October 8–28, 2026)

## Bergman, Angie L.

**From:** Bergman, Angie L.
**Sent:** Wednesday, October 28, 2026 5:18 PM
**To:** Webber, Hannah E.; Will Ayers
**Cc:** Samantha Morris; Cody N. Brandon; Matthew P. Dykstra; Roark, Brian; Donna Green
**Subject:** RE: Christa Pike
**Attachments:** 2026.10.28 Pike Ltr to AG and TDOC re Breach.pdf

Will,

To follow up on our request to confer, we wanted to let you know that we sent the attached letter to the AG and TDOC via FedEx this evening, having received no response to our email. Please let us know when you would be available to discuss.

Angie

BASS BERRY SIMS

**Angie Bergman**
Counsel
she/her

**Bass, Berry & Sims PLC**
21 Platform Way South, Suite 3500 • Nashville, TN 37203
615-742-7738 phone • 312-330-8493 cell
abergman@bassberry.com • www.bassberry.com

---

**From:** Webber, Hannah E. <hannah.webber@bassberry.com>
**Sent:** Tuesday, October 27, 2026 4:35 PM
**To:** Will Ayers <Will.Ayers@ag.tn.gov>
**Cc:** Samantha Morris <Samantha.Morris@ag.tn.gov>; Cody N. Brandon <Cody.Brandon@ag.tn.gov>; Matthew P. Dykstra <Matthew.Dykstra@ag.tn.gov>; Bergman, Angie L. <ABergman@bassberry.com>; Roark, Brian <BRoark@bassberry.com>
**Subject:** Re: Christa Pike

Will,

We would like to discuss the housing issue further and don't think it's premature to do so. Her current isolation in the infirmary is actively harming her, and keeping her in isolation violates the prior settlement agreement regarding her conditions of confinement. This is especially so if that isolation is indefinite.

What is your availability for a call Thursday or Friday? We would welcome Warden Clark to join to speak to what medical services can be provided on the Unit.

Thanks,
Hannah

On Oct 27, 2026, at 3:55 PM, Will Ayers <Will.Ayers@ag.tn.gov> wrote:

Hannah, I'm following up on the issues you raised last week.

Ms. Pike will be housed in the infirmary until further notice. The current setup serves Ms. Pike's needs as determined by the medical providers who are treating her. While conversations about her long-term housing plan are premature at this point, we've passed your position along to TDOC for consideration.

As for gabapentin, we understand that Ms. Pike has been receiving this drug for roughly one week.

As for restraints, we understand that Ms. Pike is not restrained while she is in the infirmary. Restraints are applied when she is moved outside of the infirmary, according to TDOC restraint policies.

As for the spiritual advisor, TDOC has approved a visitation schedule requested by the spiritual advisor consistent with its visitation policy, which apparently does not provide for such visits on Wednesdays. However, the spiritual advisor is free to request additional weekly visits on other days provided for under the policy.

**Will Ayers**
Assistant Attorney General
Office of the Tennessee Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 253-3856
will.ayers@ag.tn.gov

<image001.png>

This email may contain legally PRIVILEGED and CONFIDENTIAL information. If you are not the intended recipient of this email, know that any dissemination, distribution, or copying of this email is prohibited. If you have received this email in error, please delete it and immediately notify the sender.

---

**From:** Will Ayers
**Sent:** Friday, October 23, 2026 11:26 AM
**To:** 'Webber, Hannah E.' <hannah.webber@bassberry.com>; Samantha Morris <Samantha.Morris@ag.tn.gov>; Cody N. Brandon <Cody.Brandon@AG.TN.GOV>; Matthew P. Dykstra <Matthew.Dykstra@AG.TN.GOV>
**Cc:** Bergman, Angie L. <ABergman@bassberry.com>; Roark, Brian <BRoark@bassberry.com>
**Subject:** RE: Christa Pike

Hannah, we've passed these concerns along to TDOC and will be in touch once we have an update.

**Will Ayers**
Assistant Attorney General
Office of the Tennessee Attorney General
Law Enforcement and Special Prosecutions Division

P.O. Box 20207
Nashville, TN 37202-0207
(615) 253-3856
will.ayers@ag.tn.gov

<image001.png>

This email may contain legally PRIVILEGED and CONFIDENTIAL information. If you are not the intended recipient of this email, know that any dissemination, distribution, or copying of this email is prohibited. If you have received this email in error, please delete it and immediately notify the sender.

---

**From:** Webber, Hannah E. <hannah.webber@bassberry.com>
**Sent:** Thursday, October 22, 2026 6:36 PM
**To:** Samantha Morris <Samantha.Morris@ag.tn.gov>; Will Ayers <Will.Ayers@ag.tn.gov>; Cody N. Brandon <Cody.Brandon@ag.tn.gov>; Matthew P. Dykstra <Matthew.Dykstra@ag.tn.gov>
**Cc:** Bergman, Angie L. <ABergman@bassberry.com>; Roark, Brian <BRoark@bassberry.com>
**Subject:** RE: Christa Pike

All,

I am following up on several of our prior emails and Cody's call with Brian regarding Christa Pike's current conditions and medical care. Christa has advocated for herself on these and other issues directly with DJRC staff and will continue to do so, but she has seen little if any progress since we began raising concerns with you.

First, what is TDOC's plan for housing Christa when she leaves the infirmary? We would reiterate our request that she be moved to Unit 3 D Pod with the Medical Temps. She is currently extremely isolated within the infirmary, and we are concerned about the impacts this is having on her mental health and overall recovery. We understand that there are nurses assigned to Unit 3 who can see Christa in D Pod as needed and continue to believe that D Pod would the safest and most appropriate placement for Christa. We also always remain open to discussing housing Christa elsewhere on the compound in the general population if that would be easier or preferable for DJRC staff, which Warden Clark and TDOC could do at their discretion.

Second, we are still waiting to hear about TDOC's denial of the medication, gabapentin, that Christa's nurse practitioner at DJRC ordered for her. Will TDOC approve this medication? If not, what is TDOC's reason for denying care that her treating provider thinks she needs? Christa is experiencing debilitating nerve pain in her arms and hands from TDOC's actions in the lethal injection attempt, and this pain is not being treated effectively. Rather than authorize the NP-prescribed medication for nerve pain, we understand TDOC has instead put Christa on opioids (Lortab, Percocet, and/or oxycodone.) Not only is this not effectively alleviating her nerve pain, but it is also frankly surprising to us that TDOC would push an inmate onto opioids when a non-opioid alternative is available and indeed was ordered. If there is a medical reason that a TDOC clinician or pharmacist overruled the gabapentin order, such as a contraindication that the DJRC NP failed to address, Christa is seeking to understand that so that she can consider how to move forward with pain management.

Third and relatedly, we previously requested that TDOC refrain from using wrist shackles because they are exacerbating Christa's untreated nerve pain in her arms and hands. Is TDOC willing to make this accommodation? Alternatively, why are soft wrist restraints insufficient?

Finally, we wanted to follow up regarding returning Christa's spiritual advisor to his prior schedule of visiting on Monday and Wednesday afternoons. We understand his schedule had been something similar to that for a while, not only in the weeks immediately preceding the execution attempt. Is TDOC willing to return to this schedule? If not, why not?

We look forward to receiving your response. We can make ourselves available for a call to discuss if that would be helpful, but we wanted to send these questions again in writing so that you can confer with your client about where TDOC stands on each issue.

Thank you,
Hannah

<image002.png>
**Hannah Webber**
Counsel

**Bass, Berry & Sims PLC**
21 Platform Way South, Suite 3500 • Nashville, TN 37203
(615) 742-7839 phone
hannah.webber@bassberry.com • www.bassberry.com

---

**From:** Webber, Hannah E.
**Sent:** Thursday, October 15, 2026 3:56 PM
**To:** 'Samantha Morris' <Samantha.Morris@ag.tn.gov>; Will Ayers <Will.Ayers@ag.tn.gov>; Cody N. Brandon <Cody.Brandon@ag.tn.gov>
**Cc:** Bergman, Angie L. <ABergman@bassberry.com>; Matthew P. Dykstra <Matthew.Dykstra@ag.tn.gov>; Roark, Brian <BRoark@bassberry.com>
**Subject:** RE: Christa Pike

Samantha,

Thanks for confirming you are working on these items. In the meantime, we learned today that the nurse practitioner treating Christa ordered gabapentin for the nerve pain she is experiencing in her hands/arms. Unfortunately, someone "downtown" denied this. We have serious concerns about administrators overruling the clinical recommendations of medical providers. We don't yet know the extent of the nerve damage Christa seems to have sustained from the failed execution, but she is still in significant pain, which is being aggravated by TDOC's current use of wrist shackles and denial of appropriate pain medication (I believe Christa is allergic to opiates, limiting her options).

Please confirm that TDOC will authorize the medical treatment her providers are requesting, and that TDOC will forego wrist shackles or at least use soft restraints while she is recovering from the injuries to her hands and arms.

Thank you,
Hannah

<image002.png>
**Hannah Webber**
Counsel

**Bass, Berry & Sims PLC**
21 Platform Way South, Suite 3500 • Nashville, TN 37203
(615) 742-7839 phone
hannah.webber@bassberry.com • www.bassberry.com

---

**From:** Samantha Morris <Samantha.Morris@ag.tn.gov>
**Sent:** Thursday, October 15, 2026 9:47 AM
**To:** Roark, Brian <BRoark@bassberry.com>; Will Ayers <Will.Ayers@ag.tn.gov>; Cody N. Brandon <Cody.Brandon@ag.tn.gov>
**Cc:** Bergman, Angie L. <ABergman@bassberry.com>; Webber, Hannah E. <hannah.webber@bassberry.com>; Matthew P. Dykstra <Matthew.Dykstra@ag.tn.gov>
**Subject:** RE: Christa Pike

Brian,

Thank you for following up. We will discuss these requests/concerns with our client and get back to you as soon as possible.

Best,

Samantha Morris | Assistant Attorney General
Law Enforcement and Special Prosecutions Division
Office of Tennessee Attorney General
P. O. Box 20207, Nashville, TN 37202
p. 615-741-4469
Samantha.Morris@ag.tn.gov

<image003.jpg>

---

**From:** Roark, Brian <BRoark@bassberry.com>
**Sent:** Wednesday, October 14, 2026 6:34 PM
**To:** Will Ayers <Will.Ayers@ag.tn.gov>; Cody N. Brandon <Cody.Brandon@ag.tn.gov>; Samantha Morris <Samantha.Morris@ag.tn.gov>
**Cc:** Bergman, Angie L. <ABergman@bassberry.com>; Webber, Hannah E. <hannah.webber@bassberry.com>
**Subject:** RE: Christa Pike

All,

I am following up on my previous email about where Christa will be housed after being released from the infirmary. We previously had asked that she be housed in Unit 3 A Pod. We now understand that Medical Temps housing recently has been set up in D Pod, where individuals with higher medical needs stay on an as-needed basis. Christa has been in discussion with Warden Clark and her Unit Manager about where she will go when she is released from the infirmary, and she remains concerned about returning to B Pod with the group being currently housed there. We share that concern. Given her physical condition, D Pod seems appropriate for balancing her medical needs and safety without putting her back in isolation, and we ask she be housed there after release from the infirmary. We are happy to work with Warden Clark directly to effectuate this at his discretion, if that would be helpful.

Relatedly, to the extent DJRC keeps Christa in the infirmary much longer, we are concerned about her isolation there. The place she is staying is quite out of the way, and we are concerned for her mental health with the lack of support from familiar nurses and staff members from Unit 3. We overall have significant concerns regarding Christa obtaining immediate and long-term mental health services given the psychological strain of the attempted execution.

Additionally, Ms. Pike wants to repurchase some items that she previously gave away before her attempted execution (such as clothes). There is a weekly cap on purchases from Union Supply that is creating a barrier to that. She would appreciate if Warden Clark would approve an exception and allow a person from her support team (such as Shannon) to make a one-time larger purchase.

Finally, we understand Ms. Hayes has told Ms. Pike's spiritual advisor he can only visit on Monday evenings and weekends. What is the reason for the change in approval? We would request that he be approved to return to his previous visitation schedule. We understand that spiritual advisors at RMSI don't have scheduling restrictions like this.

Please let me know if helpful to discuss.

Thanks,
Brian

---

**From:** Will Ayers <Will.Ayers@ag.tn.gov>
**Sent:** Friday, October 9, 2026 3:45 PM
**To:** Roark, Brian <BRoark@bassberry.com>; Cody N. Brandon <Cody.Brandon@ag.tn.gov>; Samantha Morris <Samantha.Morris@ag.tn.gov>
**Cc:** Bergman, Angie L. <ABergman@bassberry.com>; Webber, Hannah E. <hannah.webber@bassberry.com>
**Subject:** RE: Christa Pike

Brian, Ms. Pike has just been transferred to DJRC, where she'll receive medical care in the infirmary until further notice. Feel free to request a legal visit through Warden Clark (Jordan.L.Clark@tn.gov), copying Brittany Hayes (Brittany.N.Hayes@tn.gov) and Dan Petrey (Daniel.K.Petrey@tn.gov).

---

**From:** Roark, Brian <BRoark@bassberry.com>
**Sent:** Friday, October 9, 2026 3:22 PM
**To:** Will Ayers <Will.Ayers@ag.tn.gov>; Cody N. Brandon <Cody.Brandon@ag.tn.gov>; Samantha Morris <Samantha.Morris@ag.tn.gov>
**Cc:** Bergman, Angie L. <ABergman@bassberry.com>; Webber, Hannah E.

<hannah.webber@bassberry.com>
**Subject:** RE: Christa Pike

Will,

I have not heard further from you so am checking back. We understand that Ms. Pike may have been discharged. From visiting with Ms. Pike today, in addition to the items noted in my original email below, Ms. Pike continues to be in a weakened state which will need to be attended to during transfer and upon arrival at a new location. Her arms are more swollen than yesterday. She is struggling to lift her arms and to grip. She is drinking but only with a straw and will need assistance lifting the straw to her lips. She will need assistance walking. She is experiencing mental anguish from reliving the execution and in need of a mental health consult.

In addition to providing appropriate care, please immediately notify us when she has been transferred so that we can schedule a legal visit. I would appreciate your prompt response.

Brian
615-742-7753

---

**From:** Will Ayers <Will.Ayers@ag.tn.gov>
**Sent:** Friday, October 9, 2026 11:29 AM
**To:** Roark, Brian <BRoark@bassberry.com>; Cody N. Brandon <Cody.Brandon@ag.tn.gov>; Samantha Morris <Samantha.Morris@ag.tn.gov>
**Cc:** Bergman, Angie L. <ABergman@bassberry.com>; Webber, Hannah E. <hannah.webber@bassberry.com>
**Subject:** RE: Christa Pike

Brian, we've received your request and will discuss it with TDOC today. TDOC is actively assessing safety and medical needs before, during, and after any transfer. We'll follow up with you when we get information responsive to your request.

**Will Ayers**
Assistant Attorney General
Office of the Tennessee Attorney General
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 253-3856
will.ayers@ag.tn.gov

<image001.png>

This email may contain legally PRIVILEGED and CONFIDENTIAL information. If you are not the intended recipient of this email, know that any dissemination, distribution, or copying of this email is prohibited. If you have received this email in error, please delete it and immediately notify the sender.

---

**From:** Roark, Brian <BRoark@bassberry.com>
**Sent:** Thursday, October 8, 2026 10:07 PM
**To:** Jordan L. Clark <Jordan.L.Clark@tn.gov>; Jen Brenner <Jen.Brenner@tn.gov>; Will Ayers

<Will.Ayers@ag.tn.gov>; Donna Green <Donna.Green@ag.tn.gov>
**Cc:** Bergman, Angie L. <ABergman@bassberry.com>; Webber, Hannah E.
<hannah.webber@bassberry.com>
**Subject:** Christa Pike

All,

I'm writing on behalf of our client, Christa Pike, about her housing placement following discharge from the hospital. We ask that, on discharge, Ms. Pike be placed in A Pod, which houses several older women with medical conditions. Given her current health, we believe A Pod is the most appropriate placement for her.

Ms. Pike has spent the last week in critical condition in the Medical Intensive Care Unit. Her health is thankfully improving substantially, but she remains weak, takes multiple medications, and is emotionally fragile. Her recovery depends on a stable, quiet setting that can accommodate her physical limitations. She will also require ongoing mental health services to address the substantial psychological harm caused by the State's execution attempt. We expect that she will continue to receive appropriate care in an appropriate setting when she returns to DJRC.

Her prior pod is not that setting. In B Pod, she was housed with individuals with punitive issues and people with dangerous psychological conditions, in an environment that was constantly changing and disruptive. Sending her back to those conditions so soon after a critical medical episode would put her recovery at serious risk. A Pod offers a far more stable, quiet and appropriate environment, alongside women whose medical needs and circumstances are more like her own.

We also ask that Ms. Pike not be placed in isolation. Isolating her entirely would not protect her health. It would only deepen the psychological harm she has already suffered and would undermine the progress she has made. A Pod meets her medical needs while still giving her appropriate social contact.

Please confirm that the Department will place Ms. Pike in A Pod when she is discharged. Given that her discharge may occur in the next several days, we would appreciate your prompt response. We are glad to talk at your earliest convenience if that would help resolve this request.

Thank you for your attention to this matter.

-Brian

<image002.png>
**Brian Roark**
Member

**Bass, Berry & Sims PLC**
21 Platform Way South, Suite 3500 • Nashville, TN 37203
615.742.7753 phone • 615.260.5224 cell
broark@bassberry.com • www.bassberry.com
bio • map

<image004.png>

**EXHIBIT 2**

Letter from Angela Bergman to the Office of the Tennessee Attorney General and the Tennessee Department of Correction re Notice of Breach of Settlement Agreement (October 28, 2026)

BASS BERRY SIMS PLC

**Angela Bergman**
ABergman@bassberry.com
+1 (615) 742-7738

October 28, 2026

**Via Email and Overnight FedEx**
Donna Green, Assistant Attorney General
Will Ayers, Assistant Attorney General
Tennessee Attorney General and Reporter
Law Enforcement and Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202

Tenn. Dept. of Correction
Rachel Jackson Building, 6th Floor
320 6th Avenue North
Nashville, TN 37243

**Re: Christa Pike v. Lisa Helton, et al., No. 3:22-cv-00537 (M.D. Tenn.) — Notice of Breach of Settlement Agreement and Request to Confer Under Local Rule 7.01(a)(1)**

Counsel:

We write on behalf of our client, Christa Gail Pike, under Paragraph 19 of the Settlement Agreement executed by the Parties in September 2024 (the "Agreement"). This letter gives formal written notice that Defendants are in breach of the Agreement, including without limitation Paragraphs 25, 27, 31, and 35. We also request a conference under Local Rule 7.01(a)(1) of the Local Rules of Court for the United States District Court for the Middle District of Tennessee before Ms. Pike files a motion to enforce the Agreement.

Defendants have been on notice of these issues since at least October 8, when we first raised the issue of Ms. Pike's anticipated isolation over email. Repeated efforts to cure these issues by agreement with your office have been unsuccessful and she has now been isolated for more than twenty days with no end in sight. We ask to meet and confer by telephone or videoconference on Thursday, October 29, 2026, or no later than noon on Friday, October 30, 2026. As we proposed on October 27, we welcome Warden Clark's participation to address the medical services available on the Unit.

As we have continued to state, we would much prefer to resolve this cooperatively and quickly, for Ms. Pike's sake. Given the ongoing harm to her, however, we cannot wait beyond Friday.

Sincerely,

Angela Bergman
Counsel