**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | |
| **Plaintiff,** | ) | **No. 3:22-cv-00537** |
| **v.** | ) | **District Judge Crenshaw** |
| | ) | |
| **FRANK STRADA, et al.,** | ) | |
| **Defendants.** | ) | |

**DECLARATION OF CHRISTA GAIL PIKE IN SUPPORT OF EMERGENCY MOTION TO ENFORCE SETTLEMENT AGREEMENT**

I, Christa Gail Pike, declare as follows:

1. My name is Christa Gail Pike. I am over eighteen years of age and competent to make this Declaration. I am the Plaintiff in this action. I make this Declaration based on my own personal knowledge.
2. I am incarcerated by the Tennessee Department of Correction ("TDOC") at the Debra K. Johnson Rehabilitation Center ("DJRC") in Nashville, Tennessee.
3. I submit this Declaration in support of my Emergency Motion to Enforce Settlement Agreement.
4. I am the only woman under a sentence of death in Tennessee. Because of my sentence, TDOC previously applied its Mandatory Segregation Policy, TDOC Policy 404.11, to me. That policy requires inmates under a sentence of death to be segregated from inmates who are not. Because I am the only woman under a death sentence, the policy has meant that I was segregated from every other inmate until this case was settled. As a part of the settlement in this case, the TDOC Commissioner granted me a waiver of the Mandatory Segregation Policy.
5. I spent twenty-eight years in solitary confinement. Before this lawsuit, I lived in B-Pod of Unit III at DJRC, kept isolated from anyone else. Though I had been classified as Level A under TDOC Policy 503.03, the least restrictive level, since June 2022, I was not given access to the group activities or social interaction that Level A allows.
6. Decades of isolation have taken a severe toll on my mental, emotional, and physical health. I have experienced lasting psychological harm and trauma from solitary confinement.
7. On July 15, 2022, I filed this lawsuit. After discovery and settlement negotiations, I entered into a Settlement Agreement with Defendants in September 2024.
8. On September 30, 2026, the State attempted to carry out my execution.
9. During the attempt, personnel tried and failed several times to place an IV line. These attempts were extraordinarily painful and terrifying.
10. I was then administered two lethal doses of pentobarbital, but I survived.
11. I was taken to a hospital by ambulance, where I was placed on a ventilator. I was on the ventilator for multiple days and slowly regained consciousness.

12. I continue to suffer severe injuries from the failed execution. At the very minimum, this includes severe burns, nerve damage, difficulty sleeping, and severe psychological trauma. I do not know the full extent of my injuries, what long-term effects these injuries will have, or how permanent these injuries will be.

13. I was discharged from the hospital on October 9, 2026, and returned to DJRC. I have since returned to the hospital emergency department once but was not re-admitted for inpatient care.

14. Since I returned to DJRC, I have been held in isolation in the prison infirmary. I am separated from all other inmates. I have no meaningful human contact apart from limited staff and medical personnel, my spiritual advisor, and my legal team.

15. I am not allowed to take part in the group meals, group classes, lobby time, group religious services, work assignments, or shared recreation promised by the Individualized Plan. The only time I am allowed outside is when I am taken from the infirmary to my legal visits held in Unit III.

16. I have a roach-infested shower that I had to clean on my own, which puts me at a high risk of infection and further injury.

17. I have not agreed in writing, or in any other way, to give up any of my rights under the Settlement Agreement.

18. I remain physically weak and disabled because of the injuries I suffered during and after the execution attempt. I have difficulty using my arms and hands, am experiencing debilitating pain, and have substantial wounds on both arms that are in the healing process. I am currently undergoing wound care, treatment for nerve pain, remote physical therapy, and other treatment for the injuries that the State caused.

19. I was previously housed in a pod within Unit III with close custody inmates. This pod houses inmates with significant histories of assaults and disciplinary problems. In my two years living in this pod after entering into the settlement, I witnessed multiple assaults by close custody inmates of other inmates and guards, multiple individuals who were undergoing acute psychological breakdowns, and significant danger. The number of inmates assigned to this most restrictive area has generally decreased over the last few years, so the majority of these individuals are currently living elsewhere on the DJRC compound and not back in the maximum security unit, meaning they would need to be moved into the much more restrictive Unit III for this plan to be accomplished. Moving close custody inmates from the compound to Unit III where they have substantially less freedom would cause them to be angry with and target me as the reason that happened to them.

20. In my current physical condition, I could not defend myself or get away if another inmate attacked me. I am afraid that I will be seriously hurt if I am moved to that pod while I am this weak.

21. This renewed isolation, coming right after the execution attempt and after twenty-eight years of solitary confinement, is causing me serious psychological harm and trauma.

22. Each day I remain in isolation adds to that harm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 10/29/ ____________, 2026, at Nashville, Tennessee.

Christa Pike
______________________________
Christa Gail Pike
TDOC No. 261368