**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:22-cv-537** |
| **v.** | ) | **Judge Crenshaw** |
| | ) | |
| **CHRISTOPHER HANSEN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**MOTION AND MEMORANDUM OF LAW**
**FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

---

Under Local Rule 5.03 and the Agreed Protective Order in this case (D.35), Defendants move for leave to file three documents under seal:

- Exhibits 1 (Declaration of Dr. Eduardo Ortiz) and 2 (Declaration of Linda Thomas) to Defendants' Response to Plaintiff Christa Pike's Emergency Motion to Enforce Settlement Agreement;
- Exhibit 1 to Linda Thomas' declaration (Infirmary Post Orders).

The Parties have conferred on this matter, but due to the expedited briefing schedule, were unable to reach agreement on the specifics of redaction and filing under seal.

"The sealing or unsealing of documents is a matter of discretion bounded by a long-established legal tradition of the presumptive right of the public to inspect and copy judicial documents and files." *United States v. Se. Eye Specialists, PLLC*, No. 3:17-CV-00689, 2022 WL 474177, at *2 (M.D. Tenn. Feb. 16, 2022) (internal quotation marks omitted) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016)). Although there is a "strong presumption in favor of openness" regarding court records, there are certain interests

that overcome it. *Rudd Equip. Co.*, 834 F.3d at 593 (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). These interests include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179. The party seeking to seal the records bears a "heavy" burden; the moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Id.*; *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 307 (6th Cir. 2016).

Portions of Dr. Ortiz's declaration have been designated as "Confidential Health Information" and portions of Linda Thomas' declaration and the Infirmary Post Orders have been designated as "Critical Security Information" under the Parties' Agreed Protective Order (D.35), which requires documents with such designations to be filed under seal consistent with Local Rule 5.03 (*id.* ¶ 22). Dr. Ortiz's declaration contains Pike's protected health information, including her current conditions and details about her medical treatment. Linda Thomas' declaration and the Infirmary Post Orders contain non-public, sensitive information that would impair or endanger legitimate security interests of the Tennessee Department of Correction, namely details about security procedures and equipment in the facility where Pike is incarcerated. For these reasons, these documents should be filed under seal. Defendants will file redacted versions of these documents on the docket with their forthcoming response.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ John W. Ayers*
DONNA L. GREEN (BPR 019513)
Managing Attorney
CODY N. BRANDON (BPR 037504)
Deputy Attorney General
JOHN W. AYERS (BPR 037494)
Assistant Attorney General
SAMANTHA P. MORRIS (BPR 038178)
Assistant Attorney General
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202–0207
Phone: (615) 741-1982
Fax: (615) 523-1797
donna.green@ag.tn.gov
cody.brandon@ag.tn.gov
will.ayers@ag.tn.gov
samantha.morris@ag.tn.gov

*Counsel for Defendants*